[Cite as *In re S.R.C.*, 2011-Ohio-3680.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  | : | JUDGES: |
|  | : |  |
|  | : | Hon. Sheila G. Farmer, P.J. |
| IN RE S.R.C, J.L.C., & C.C. | : | Hon. John W. Wise, J. |
|  | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
|  | : | Case No. 2011CA 00106 |
|  | : |  |
|  | : |  |
|  | : |  |
|  | : |  |
|  | : | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the Stark County Court of Common Pleas, Juvenile Division, Case No. 2010 JCV 00252

JUDGMENT:    AFFIRMED

DATE OF JUDGMENT ENTRY:    July 25, 2011

APPEARANCES:

For Mother-Appellant:

CRISTIN ROUSH
Stark County Public Defender Office
200 W. Tuscarawas St., Suite 200
Canton, OH 44702

For Appellee:

JERRY COLEMAN
Stark County Job and Family Services
221 – 3rd St. SE
Canton, OH 44702

*Delaney, J.*

{¶1}  Mother-Appellant Rhonda Grandstaff appeals the April 11, 2011 judgment entry of the Stark County Court of Common Pleas, Juvenile Division granting permanent custody of her three children to Appellee, Stark County Job and Family Services ("SCJFS").

**STATEMENT OF THE FACTS AND CASE**

{¶2}  Appellant Rhonda Grandstaff and Brian Colby are the parents of S.R.C. (born October 14, 2006), J.L.C. (born July 11, 2008), and C.C. (born January 8, 2010).

{¶3}  SCJFS has been involved with Appellant and her children since 1994. Appellant is also the mother of C.G., T.G., B.G., Z.C., and A.C.  In previous actions before the juvenile court, Appellant lost legal and/or permanent custody of her five children due to Appellant's alcohol abuse, mental health issues, and domestic violence. At the time of the permanent custody hearing involving S.R.C., J.L.C., and C.C., Appellant was pregnant with her ninth child.

{¶4}  Shortly after birth, C.C. was admitted to Akron Children's Hospital with a heart defect.  Appellant visited C.C. in the pediatric intensive care unit and appeared intoxicated.  On March 15, 2010, SCJFS filed a Complaint with the Stark County Court of Common Pleas, Juvenile Division, alleging Dependency and/or Neglect.  Appellant and father stipulated to a finding of dependency, as well as to disposition of temporary custody with SCJFS.  The children were placed in a foster-to-adopt home where they continue to reside.

{¶5}  SCJFS filed a Motion for Permanent Custody on January 14, 2011 because the parents failed to make sufficient progress on their case plan goals.

Appellant's case plan was to participate in drug and alcohol treatment at Quest, submit to random urine screens, and complete a parenting assessment at Northeast Ohio Behavioral Health.

{¶6}   On February 14, 2011, Appellant filed a motion to extend temporary custody so that she could continue to work on her case plan.

{¶7}   A permanent custody hearing was held on March 17, 2011.

{¶8}   Appellant completed the parenting assessment at Northeast Ohio Behavioral Health.   During her previous case plans, Northeast Ohio Behavioral Health previously diagnosed Appellant with Bipolar Disorder and Alcohol Dependence but Appellant was resistant to the diagnoses and not amenable to treatment.   After her most recent assessment, Northeast Ohio Behavioral Health had no recommendations for services for Appellant and recommended instead that SCJFS should focus on establishing permanency for the children.   Aimee Thomas from Northeast Ohio Behavioral Health testified that she rarely refused to make recommendations for services for individuals who submitted to parenting evaluations, but in her opinion, this case warranted such a finding.

{¶9}   Appellant completed an assessment with Quest to address her drug/alcohol issues.   Quest discharged Appellant in November 2010 as unsuccessful because she refused to submit to urine screens and she refused to enroll in in-patient treatment at Deliverance House.  On April 28, 2010, Appellant submitted a urine screen, which showed high levels of alcohol.  Appellant had two clean urine screens and failed to submit requested urine screens 14 times.

{¶10} Appellant was also receiving mental health treatment at Trillium. Those treating Appellant testified that Appellant had not been taking her medication since November 2010 due to her current pregnancy. When Appellant went off her medication, she began decompensating.

{¶11} S.R.C., J.L.C., and C.C. are with the same foster-to-adopt family. No family placement was available to the children. The children are bonded to one another and to their foster family.

{¶12} S.R.C. has been treating at Northeast Ohio Behavioral Health since September 2010. Because of Appellant's lack of appropriate parenting, S.R.C., at the age of four years old, was "parentified" and felt she was responsible for her own care and the care of her two younger siblings. S.R.C. suffers from emotional and attachment issues. S.R.C. requires medication in order for her to sleep. When S.R.C. was removed from Appellant's care, S.R.C. suffered from a rare zinc deficiency and was underweight. S.R.C. has improved mentally and physically while in the care of her foster parents. S.R.C. suffers emotional setbacks when she visits with Appellant.

{¶13} J.L.C. has no special needs. At the time of her removal from Appellant's care, J.L.C. was obese. She lost 20 pounds and is at a healthy weight.

{¶14} C.C. was born with a heart defect. He had surgery to correct the defect. He is doing well in foster care.

{¶15} Stacy Senff, Ongoing Family Services Caseworker for Appellant, testified that she saw little bond with the children and Appellant during visitation. Appellant could not individually care for the children during visits. The Guardian Ad Litem recommended that permanent custody of the children be granted to SCJFS.

{¶16} On April 11, 2011, the trial court issued its Findings of Fact and Conclusions of Law. It held that the children could not be placed with Appellant within a reasonable period of time and that it was in the best interests of the children that permanent custody be granted to SCJFS. The trial court issued its judgment entry on April 11, 2011. It is from this entry Appellant now appeals.

## ASSIGNMENTS OF ERROR

{¶17} Appellant raises two Assignments of Error:

{¶18} "I. THE JUDGMENT OF THE TRIAL COURT THAT THE MINOR CHILDREN CANNOT AND SHOULD NOT BE PLACED WITH APPELLANT WITHIN A REASONABLE PERIOD OF TIME WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.

{¶19} "II. THE JUDGMENT OF THE TRIAL COURT THAT THE BEST INTERESTS OF THE CHILDREN WOULD BE SERVED BY GRANTING PERMANENT CUSTODY WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."

## I., II.

{¶20} We consider Appellant's Assignments of Error together as the analysis is interrelated. Appellant argues the trial court erred in finding that the children could not be placed with Appellant within a reasonable time and that it was in the best interest of the children to grant SCJFS permanent custody. We disagree.

{¶21} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent, and credible evidence upon which the fact finder could base its judgment.

*Cross Truck v. Jeffries* (Feb. 10, 1982), Stark App. No. CA5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Constr.* (1978), 54 Ohio St.2d 279, 376 N.E.2d 578.

{¶22} R.C. 2151.414 sets forth the guidelines a trial court must follow when deciding a motion for permanent custody. R.C. 2151.414(A)(1) mandates the trial court schedule a hearing and provide notice upon the filing of a motion for permanent custody of a child by a public children services agency or private child placing agency that has temporary custody of the child or has placed the child in long-term foster care.

{¶23} Following the hearing, R.C. 2151.414(B) authorizes the juvenile court to grant permanent custody of the child to the public or private agency if the court determines, by clear and convincing evidence, it is in the best interest of the child to grant permanent custody to the agency, and that any of the following apply: (a) the child is not abandoned or orphaned, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents; (b) the child is abandoned; (c) the child is orphaned and there are no relatives of the child who are able to take permanent custody; or (d) the child has been in the temporary custody of one or more public children services agencies or private child placement agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999.

{¶24} In determining the best interest of the child at a permanent custody hearing, R.C. 2151.414(D) mandates the trial court must consider all relevant factors, including, but not limited to, the following: (1) the interaction and interrelationship of the

child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child; (2) the wishes of the child as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child; (3) the custodial history of the child; and (4) the child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody.

{¶25} Therefore, R.C. 2151.414(B) establishes a two-pronged analysis the trial court must apply when ruling on a motion for permanent custody. In practice, the trial court will usually determine whether one of the four circumstances delineated in R.C. 2151.414(B)(1)(a) through (d) is present before proceeding to a determination regarding the best interest of the child.

{¶26} If the child is not abandoned or orphaned, then the focus turns to whether the child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents. Under R.C. 2151.414(E), the trial court must consider all relevant evidence before making this determination. The trial court is required to enter such a finding if it determines, by clear and convincing evidence, that one or more of the factors enumerated in R .C. 2151.414(E)(1) through (16) exist with respect to each of the child's parents.

{¶27} The trial court first found that the children could not be placed with Appellant within a reasonable period of time. We find this determination is not against the manifest weight of the evidence. The evidence showed that Appellant has severe alcohol dependency, resulting in the previous loss of custody of five children. Appellant had the opportunity to complete a case plan four times and has been unsuccessful each

time. After Appellant's fourth parenting assessment, Northeast Ohio Behavioral Care did not recommend any services for Appellant, but rather determined that the focus should be placed on helping the children establish permanency. Based on Appellant's previous failures and current status, Appellant cannot be reunited with her children within a reasonable time.

{¶28} The record further shows it is in the children's best interest to be placed with SCJFS. The children are bonded with each other and their foster-to-adopt family. The children are receiving the proper physical care and emotional support.

{¶29} Based upon the foregoing, we find the trial court did not err in terminating Appellant's parental rights with respect to all three children.

{¶30} Appellant's first and second Assignments of Error are overruled.

{¶31} The judgment of the Stark County Court of Common Pleas, Juvenile Division, is affirmed.

By: Delaney, J.

Farmer, P.J. and

Wise, J. concur.

HON. PATRICIA A. DELANEY

HON. SHEILA G. FARMER

HON. JOHN W. WISE

[Cite as *In re S.R.C.*, 2011-Ohio-3680.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| | : | |
| | : | |
| | : | |
| | : | |
| IN RE S.R.C, J.L.C., & C.C. | : | |
| | : | |
| | : | JUDGMENT ENTRY |
| | : | |
| | : | |
| | : | |
| | : | Case No. 2011CA00106 |
| | : | |

For the reasons stated in our accompanying Opinion on file, the judgment of the Stark County Court of Common Pleas, Juvenile Division, is affirmed.  Costs assessed to Appellant.

HON. PATRICIA A. DELANEY

HON. SHEILA G. FARMER

HON. JOHN W. WISE